**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001077
30-SEP-2014
08:40 AM**

NO. CAAP-11-0001077.

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE EDWARD C. STERLING
QTIP EXEMPT TRUST DATED AUGUST 24, 1995, THE EDWARD
C. STERLING QTIP NON-EXEMPT TRUST DATED
AUGUST 24, 1995, AND THE EDWARD C. STERLING
IRREVOCABLE TRUST DATED AUGUST 24, 1995

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 98-0039)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Appellant Patrick Williams (**Williams**)[1] appeals, *pro se*, from the following November 25, 2011 Hawai'i Rules of Civil Procedure (**HRCP**) Rule 54(b)-certified judgments of the Circuit Court of the First Circuit (**Circuit Court**):  (1) Judgment on Order Granting Petition for Approval of Final Accounts (**Judgment re Approval of Final Accounts**); (2) Judgment on Order Granting Petition to Strike Remainder Beneficiaries' Demand for Jury Trial

---

[1]    Although the Notice of Appeal in this case was filed by counsel on behalf of all four Remainder Beneficiaries, the Opening Brief was filed *pro se* by Williams only, after this Court granted counsel's motion to withdraw as counsel by Order dated March 19, 2012.

Filed December 22, 2010 (**Judgment re Demand for Jury Trial**); (3) Judgment on Order Denying Petition to Remove Trustee and for Surcharges (**Judgment re Removal of Trustees and for Surcharges**); and (4) Judgment on Order Denying Remainder Beneficiaries' Petition for Order Permitting Discovery (**Judgment re Discovery**).[2]

Williams raises seven points of error: (1) the Circuit Court erred by adopting the doctrine of laches; (2) the Circuit Court erred by refusing to grant discovery; (3) the court-appointed Master, Benjamin M. Matsubara (**Master**), erred by refusing to take an active role in discovering the facts; (4) the Master and the Circuit Court erred by refusing to look back in time to establish the starting point of trust assets; (5) the Circuit Court erred by failing to hold the Appellee, First Hawaiian Bank (**Trustee**) to the minimum standards of law; (6) the Circuit Court erred by failing to provide an unbiased mechanism, such as a jury trial, for evaluation of the merits of the case; and (7) the Circuit Court erred by permitting the Master to present and subsequently accepting categorizations of specific errors in the accounting as "general," and ignoring mistakes in the accounting that would be visible if discovery had been permitted.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Williams's points of error as follows:

(1) Williams fails to cite to where in the record the Circuit Court relied upon the doctrine of laches in its rulings below. Therefore, it is unclear whether the Circuit Court in fact adopted the Trustee's argument that the doctrine of laches was an appropriate rationale to deny the Remainder Beneficiaries'

---

[2]      The Honorable Derrick H.M. Chan presided.

prayers for relief. As such, this point of error may be dismissed pursuant to Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). In addition, Williams's argument on this point is not cognizable. In any case, upon review of the arguments presented on the issue of laches, and the record in this matter, assuming that the Petition to Remove Trustee and for Surcharges was denied based (in whole or in part) upon the doctrine of laches, we cannot conclude that the Circuit Court abused its discretion by so doing.

(2) Williams makes no cogent argument supporting his request for relief from the Circuit Court's order denying discovery. Of the seventeen categories of documents sought by Remainder Beneficiaries, only two of the listed items relate to the subject accounting periods. To the extent that the requested documents do not relate to the subject petition, the Circuit Court did not abuse its discretion in denying the Remainder Beneficiaries' request for discovery. As to the remaining items, it appears that the Trustees had previously provided the Remainder Beneficiaries with the available records. To the extent that certain tax documents had not yet been prepared, the Circuit Court did not abuse its discretion when it denied discovery of such documents. Accordingly, the Circuit Court did not abuse its discretion when it denied the Petition for Order Permitting Discovery.

(3) & (7) Williams argues that the Master should have engaged in more fact-finding process by requesting additional documents from the Trustee, and that certain accounting errors were not thoroughly explored by the Master. Williams cites to Rule 29 of the Hawai'i Probate Rules (**HPR**), which defines the role of the Master:

> Unless otherwise ordered by the court, the master shall review the operations of the fiduciary in light of the terms of the controlling document, as well as the financial

3

> transactions of the trust or estate. The fiduciary shall
> supply to the master a copy of the accountings and any
> masters' reports for the prior three accounting periods and
> shall make available for the master's inspection all
> accounting records for the current accounting period. The
> master shall have unlimited access to the books and records
> of the fiduciary with respect to the trust or estate that
> are not protected by privilege, including minutes of all
> meetings, and may interview any employee of the fiduciary
> regarding the trust or estate as the master deems
> appropriate. The master shall submit a written report of the
> master's findings to the court and serve a copy on all
> interested persons. Interested persons may file objections
> or responses to the master's report, and parties may object
> or respond to such pleadings, within the time limits set
> forth in Rule 10(c).

However, Williams fails to demonstrate that the documents that the Master reviewed in drawing his findings and conclusions were insufficient to meet the above-stated standard.

Upon review, it does not appear that the documents reviewed by the Master were insufficient to satisfy the standard stated in HPR Rule 29. The Master reviewed, *inter alia*: (1) the Edward C. Sterling Trust, dated August 24, 1995; (2) the Last Will and Testament of Mary Elizabeth Sterling, dated February 27, 2002; (3) the Edward C. Sterling QTIP Exempt Trust, Statement of Account from 07/01/06 through 10/31/09; (4) the Edward C. Sterling QTIP Non-Exempt Trust, Statement of Account 07/01/06 through 10/31/09; (5) Edward C. Sterling Irrevocable Trust, Statement of Account 07/01/06 through 10/31/09; (6) Remainder Beneficiaries' Objection to Petition for Approval of Final Accounts, filed on August 19, 2010; (7) [Trustee's] Response to Remainder Beneficiaries' Objection to Petition for Approval of Final Accounts Filed on May 18, 2010, which was filed on October 11, 2010; (8) Remainder Beneficiaries' Supplemental Objections to Petition for Approval of Final Accounts, filed on January 27, 2011; (9) [Trustee's] Response to Remainder Beneficiaries' Supplemental Objections to Petition for Approval of Final Accounts, filed on February 10, 2011; and (10) Statements of

4

Accounts for the Three Sterling Trusts for the supplemental accounting period through 06/30/10.

There is no evidence that the Master failed to access additional documents which would have aided the Master in further, necessary findings of fact in this case. Accordingly, we conclude that the Master did not abuse his discretion in not requesting additional documents from the Trustee.

(4) In his fourth point of error, Williams appears to argue that the Master and Circuit Court should have looked further back in time to establish the starting point of the trust assets. However, Williams merely poses legal questions to the Circuit Court without any cognizable arguments supported by relevant facts from the record and/or relevant supporting law. The entirety of Williams's argument on this point is:

> We have earlier referenced Hawaii Probate Rule 26. Appellant is not aware of Hawaii case law governing if, when and how the starting point of the assets in a trust can be assessed. In other words, can the court look back in time to determine if what is supposed to be there, is there? If the court finds missing assets, can the court then look back in time, how far, and in what situations?

Williams does not provide accurate record citations concerning when this issue was brought to the attention of the Circuit Court. Thus, Williams is precluded from raising this issue for the first time on appeal. See Miller v. Leadership Hous. Sys., Inc., 57 Haw. 321, 325, 555 P.2d 864, 867 (1976). This argument also violates HRAP Rule 28(b)(7), which provides, in relevant part: "The argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." Therefore, we decline to further address this issue.

(5) Williams argues that the Circuit Court did not hold the Trustee to the minimum standards under applicable law. Williams again failed to present cognizable arguments. Without any legal citations, Williams argues that: "This gets to the

5

issue of culture. Banks have developed a culture of insularity, where they feel it is their right to 'crash the plane,'[3] and everyone else should just mind their own business." Without any citations to the record or legal authority, this issue may be dismissed pursuant to HRAP Rule 28(b)(7).

Furthermore, even if we attempt to reach the merits of Williams's argument, Williams has not demonstrated that the Circuit Court abused its discretion when it approved the Trustee's final accounts. Williams fails to show how the Master clearly erred in the findings of fact with respect to the accuracy of the accountings. Williams does not allege with any specificity which factual findings of the court were purportedly inaccurate, or in what specific ways the Trustee breached its fiduciary duties. We conclude that this argument is without merit.

As the Circuit Court found during the September 29, 2011 hearing, Elizabeth J. Brownfield (**Brownfield**), CPA, listed numerous alleged discrepancies in the Trustee's accounts. However, the Circuit Court did not clearly err when it found that all of these discrepancies, to the extent possible, were addressed by the Trustee:

> There was a response to [Brownfield's letter]. And after that it seemed like the issue just laid there. I mean I don't see anything else in there. She raised the issues. Uh, there was a prompt response and there was nothing further after that. In other words, each and every concern that was raised by Ms. Brownfield was addressed, and it seemed like after that the issue was just dormant. So taking that into consideration, what else is there?

Additionally, Brownfield was the second CPA retained by Remainder Beneficiaries, who submitted Brownfield's findings more than one year after the filing of the Petition for Approval of Final Accounts. The first accountant's (CPA Sakamaki) concerns

---

[3] Williams is referencing Malcolm Gladwell's popular book, Outliers: The Story of Success.

were thoroughly addressed by Trustee, and taken fully into consideration by the Master in the findings of fact submitted in support of his recommendations to the court. Finally, Brownfield's alleged discrepancies were reviewed by the Master, who also did not credit the allegations, which were already explained by the Trustee in a response to CPA Sakamaki.

Thus, we conclude the Circuit Court did not err in granting the Trustee's Petition for Approval of Final Accounts.

(6) Williams argues that the Circuit Court should have granted the Remainder Beneficiaries' demand for jury trial. The entirety of Williams' argument is:

> We do not here re-list the case law cited by [the Master] and Ms. Kanae. Their ample citations are concisely and compactly included in the record [citations omitted]. Appellant does not believe anything can be added to their arguments, other than pointing out that allowing a jury trial may be the simplest means of disallowing prejudice (toward large trusts and the need to protect them) to influence a verdict or the collection of information.

Again, this Court may dismiss this argument for failure to comply with HRAP Rule 28(b)(7), as it lacks citations to specific errors alleged in the record, as well as citations to legal authority.

Even if we assume that it applies, HRS § 560:1-306(a) (1996), a part of Hawaii's Uniform Probate Code, requires that "[i]f duly demanded, a party is entitled to trial by jury in a formal testacy proceeding and any proceeding in which any controverted question of fact arises as to which any party has a constitutional right to trial by jury." Hawai'i Rules of Civil Procedure (HRCP) 81(c) provides that "[t]he demand for jury trial [in probate proceedings] shall be made by motion within the time allowed by statute." HRCP 38(b), which was promulgated pursuant to HRS § 602-11, requires that a demand must be served "not later than 10 days after service of the last pleading directed at such issue." For the purpose of contesting the Trustee's Petition for

Approval of Final Accounts, it appears that the last pleading prior to its December 22, 2010 demand for jury trial was the Trustee's Response to Remainder Beneficiaries' Objection to Petition for Approval of Final Accounts filed on May 18, 2010. Thus, it appears that the Remainder Beneficaries' demand for jury trial was untimely.

Upon review, we conclude that this point of error is without merit.

For these reasons, the Circuit Court's November 25, 2011 Judgments are affirmed.

DATED: Honolulu, Hawai'i, September 30, 2014.

On the briefs:

Patrick G. Williams
Appellant Pro-Se

Edward M. Sanpei
(Rush Moore LLP)
for Trustee-Appellee
FIRST HAWAIIAN BANK

Presiding Judge

Associate Judge

Associate Judge

8